## RAYNOR v. BUTTLAR.

### (Supreme Court, Appellate Term. February 23, 1904.)

1. CONTRACTS—SHARING OF LOSSES—COLLECTOR—DILIGENCE.

Plaintiff was employed by defendant under a contract that plaintiff should stand a third of all loss on customers procured by him. A customer procured by plaintiff went into bankruptcy while indebted to defendant, and, in an action by plaintiff, he claimed that he should not stand a third of that loss, for the reason that he had, after leaving defendant's employ, sought permission to collect the claim, which was refused. Defendant showed that he had used diligence to collect it, and there was no evidence that plaintiff could have obtained any better results than defendant did. *Held*, that it was proper to charge plaintiff with one-third of the loss.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles N. Raynor against Robert Buttlar. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

- Uriah W. Tompkins, for appellant.
Salter & Steinkamp, for respondent.

McCALL, J. Plaintiff was in the employ of the defendant at a salary of $15 per week, and there was also an agreement between them that upon all customers procured by the plaintiff he was "to stand one-third of the losses." A customer procured by the plaintiff, named Lange, was, at the time of plaintiff's discharge (January 15, 1901) from defendant's employ, owing defendant the sum of $241.44. Subse-

quently the defendant reduced that sum by collections from Lange to the sum of $117.82, when Lange went into bankruptcy, and no more could be collected. The only question in the case was whether the trial court was justified in deducting one-third of that sum ($39.27) from the amount claimed by the plaintiff. Plaintiff claims that he should not stand his share of this loss, for the reason that, some four months after plaintiff left defendant's employ, he called upon him and asked permission to collect the Lange claim, which was refused. The defendant showed, however, that, from the time plaintiff left his employ up to the time Lange went into bankruptcy, he used the utmost diligence and endeavor to collect the bill, and was only able to reduce it to $117.82. There is no evidence to show, nor reason for believing, that plaintiff's efforts, if he had been permitted to exert them, would have resulted in any better success than did the defendant's; and the defendant had a much larger interest in the claim, and clearly had a right to keep his collections in his own hands, instead of trusting them to a discharged employé. The trial court took this view, and deducted one-third of the lost claim from the amount of the plaintiff's claim, and gave him judgment for the balance.

Judgment affirmed, with costs to respondent. All concur.